CARLIE CHRISTENSEN, United States Attorney (No. 633)
BRENT D. WARD, Trial Attorney, U.S. Department of Justice (No. 3377)
LOREN WASHBURN, Assistant U.S. Attorney (No. 10993)
PAUL KOHLER, Assistant U.S. Attorney (No. 8224)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:11-CR-00501- TS |
| Plaintiff, | : | |
| v. | : | GOVERNMENT'S MOTION TO SUPPLEMENT RECORD |
| JEREMY DAVID JOHNSON, and iWORKS, INC., | : | Magistrate Judge David O. Nuffer |
| | : | |
| Defendants. | : | |
_____

The United States, by and through its attorney, Brent D. Ward, hereby files this Motion to Supplement Record for the purpose of enlarging the record relating to the Court's own motion, made at the arraignment in this case on July 7, 2011, to exclude time from computations under the Speedy Trial Act, 18 U.S.C. §§ 3161, from July 7, 2011 to and including August 22, 2011.  This motion is based upon the following representations of the government.

1. This case arises following a civil enforcement investigation of the present defendants and others begun by the Federal Trade Commission in the Fall of 2009. Subsequently, the U.S. Internal Revenue Service and the U.S. Attorney's Office for the District of Utah began a criminal investigation. Both investigations continue at the present time.

2. The FTC investigation led to the filing of a civil enforcement action by the FTC against the present defendants and others on December 21, 2010 in the District of Nevada. See <u>Federal Trade Commission v. Jeremy Johnson, et al.</u>, Case No. CV 10-2203 (RLH) GWF. The filing of the civil complaint led to entry of a Temporary Restraining Order by the U.S. District Court for the District of Nevada against the present defendants and others on January 13, 2011. This was followed by entry of a Preliminary Injunction on February 10, 2011. The Court in the Nevada action also appointed a Receiver, Robb Evans & Associates, to search for, identify, seize, and manage assets of defendant Jeremy Johnson and iWorks, Inc.

3. Defendant Johnson was arrested at the Phoenix, AZ airport on June 11, 2011, while en route to San Jose, Costa Rica.

4. Defendant Johnson's initial appearance was held in the District of Arizona on June 13, 2011.

5. A detention hearing was held in the District of Arizona on June 15, 2011, and was continued on June 17, 2011. Prior to a ruling by the U.S. Magistrate Judge in the District of Arizona the defendant waived his detention hearing and was remanded to the

custody of the U.S. Marshal for transportation to the District of Utah for arraignment and a further detention hearing.

      6.      Under relevant case law and current discovery policies of the U.S. Department of Justice in criminal cases, the government believes all of the documents amassed by the FTC and the Receiver in the civil enforcement action in Nevada must be disclosed to the defendants in this case.

      7.      The indictment in this case followed the arrest of defendant Jeremy Johnson and because the arrest occurred unexpectedly, the government is still in the process of securing all of the documents gathered by the FTC and the Receiver during their investigations.

      8.      The government initially furnished two CDs to the defendants on July 7, 2011 containing document files from the FTC.  According to the government, these CDs contain an estimated 50,000 pages of documents obtained by the FTC during its investigation, including documents furnished by defendants Johnson and iWorks, Inc., pursuant to Civil Investigative Demands served on the defendants by the FTC.  As of the date of this Motion the government is still in the process of transferring data from these two CDs to a Bates-stamped and searchable database in IPRO, a software tool allowing document search and retrieval.  This process is not expected to be completed for another several days, at which time the government intends to furnish the information from the two CDs to the defense in IPRO.  This will permit both the government and the defense to begin word search examination of the documents from the two CDs.

9. The FTC is in the process of preparing and forwarding to the U.S. Attorney's Office in Salt Lake City a vast quantity of additional digitally stored materials representing the balance of the documents gathered to date in the FTC's investigation.

10. Technical experts from the FTC and the U.S. Attorney's Office have been in communication about the nature and scope of these additional documents, which include transaction documents covering millions of Internet sales transactions conducted by the defendants and their companies. However, because the FTC's experts are still in the process of compiling these documents from various sources into databases usable for forensic purposes, it is uncertain how many documents are involved or what additional steps may need to be taken to assure that the documents are accessible to the U.S. Attorney's Office and the defense in a usable format. Nevertheless, the U.S. Attorney's Office believes the volume may be at least twenty times as great than the volume of documents already furnished to the defense.

11. Although the government expects to furnish this additional discovery to the defense by the court-ordered deadline of July 27, 2011, probably in the form of raw CDs, it may take a significantly longer period of time to organize and transfer the materials to a readily usable software database and import that database to a hard drive to be furnished to the defense, as this court has suggested.

12. In addition to the documents gathered by the FTC in the civil enforcement action in the District of Nevada, the Receiver in the Nevada action has seized computers and other storage devices containing a further quantity of documents relating to the

present criminal case.  These documents include, but are not limited to, defendant iWorks, Inc.'s customer service database and email database, both of which are expected to be of importance to the defense.  The FTC has informed the U.S. Attorney's Office that these two databases alone are comprised of upwards of one million entries each.  The FTC is in the process of obtaining these databases from the Receiver, but cannot yet represent to the court how large they are or how long it will take to secure them and place them in a format usable for forensic purposes.  Once they have been obtained by the FTC, they will be furnished to the U.S. Attorney's Office and will be available for discovery by the defense in this case.

      13.    Furthermore, the FTC has informed the U.S. Attorney's Office that the Receiver has also seized approximately seventy-five boxes of documents from defendant Johnson's premises containing materials relating to iWorks, Inc.  It is assumed that the defense, as well as the government, will need access to these boxes of documents, if not actual copies of their contents.  It has not yet been possible to make arrangements for this.

      14.    It is likely that once discovery has been provided to the defense, review and analysis of such an unusually large mass of information is likely to be a complex and time-consuming process, albeit one that is necessary to allow the defendants to adequately confront the evidence against them.

      15.    Review and analysis of discovery by the parties will likely also require the engagement of experts to manage the documents, draw useful and reliable conclusions

from them, and formulate those conclusions in a manner that will assist the court and the jury in the trial of this case.

Based on the foregoing, the government moves this Court to supplement the record of the arraignment held on July 7, 2011 with the facts and representations made by the government above.

Dated this <u>14th</u> day of July, 2011.

                        Carlie Christensen
                        United States Attorney

                        <u>/s/ Brent D. Ward</u>
                        BRENT D. WARD
                        Trial Attorney, Criminal Division
                        U.S. Department of Justice