CARLIE CHRISTENSEN, United States Attorney (No. 633)
BRENT D. WARD, Trial Attorney, U.S. Department of Justice (No. 3377)
LOREN WASHBURN, Assistant U.S. Attorney (No. 10993)
PAUL KOHLER, Assistant U.S. Attorney (No. 8224)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED
U.S. DISTRICT COURT

2011 JUL 22  P 1:40

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

**SEALED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:11-CR-00501-TS |
| Plaintiff, | : | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION OF DEFENDANT'S CUSTODY STATUS AND IMPOSITION OF A $1 MILLION BOND AND REQUEST FOR HEARING** |
| v. | : | |
| JEREMY DAVID JOHNSON, and iWORKS, INC., | : | |
| | : | |
| Defendants. | : | **FILED UNDER SEAL** |
| | : | Magistrate Judge David O. Nuffer |

The government, by and through its undersigned counsel, hereby opposes defendant Jeremy Johnson's Emergency Motion for Reconsideration of Defendant's Custody Status and Imposition of a $1 Million Equity Bond ("Bond Proposal"), which was filed under seal on July 20, 2011.

Since the government did not received the courtesy of notice from defense counsel of the filing of the Bond Proposal and because the Court's notice of hearing on the Bond Proposal did not reach the government until July 22, 2011, the government was not in a position to file this Opposition until July 22, 2011. This is of importance only because the government desires to present additional, new evidence in support of detention, including witness testimony, and wishes to advise the Court that provision for such testimony may require additional time beyond the one and one-half hours set aside by the Court on July 28, 2011 for a hearing on both the issue of exclusion of time under the Speedy Trial Act and issues relating to detention.

The government's Opposition to the defendant's Bond Proposal is based on the following grounds:

1. After issuing its Order on July 11, 2011 detaining the defendant, defense counsel queried the Court whether the Court would consider releasing the defendant under a $1 million property bond. The Court said it would consider such a proposal, if the bond consisted of unencumbered equity in real property owned by persons not related to the defendant or to the defendant's finances. Furthermore, the Court instructed defense counsel to consult with the government before proposing such a bond to the Court in order to seek a stipulation with the government regarding bond. Counsel for the government indicated to the Court that an investigation of the bona fides of any bond

proposal would have to be conducted by the government before the government could respond to such a proposal.

2. Defense counsel presented a proposed stipulation regarding the defendant's Bond Proposal to the Government on July 15, 2011, but as late as July 19, 2011 defense counsel advised the government "I am sitting on the motion right now."

3. On July 21, 2011 counsel for the government received email notice from the Court that a hearing had been set in this case for July 28, 2011. Counsel for the government called the Court on that date and was informed by the Court's clerk that this hearing would be limited to the government's Motion to Supplement the Record.

4. The government first learned of the filing of defendant's Bond Proposal when the government received email notice from the Court on July 22, 2011 expanding the July 28 hearing to consider defendant's Bond Proposal.

5. The government is investigating the bona fides of the Bond Proposal to determine whether the properties to be pledged are related to the defendant or his finances, and whether the proposal is otherwise reliable. The government has thus far discovered serious defects in the Bond Proposal that the government believes render the Bond Proposal unreliable.

6. The government has informed defense counsel that even if the Bond Proposal were reliable, based on new evidence the government considers the Bond Proposal insufficient to reasonably assure the appearance of the defendant as required.

7.     The government's new evidence, which was not available at the time of the initial detention hearing on July 11, 2011, militates against the sufficiency of any bond in any amount in this case and reinforces the wisdom and propriety of the Court's Order detaining the defendant pending trial.

8.     The government therefore requests the opportunity to present this new evidence, including first-hand testimony of two competent witnesses and further testimony from the government's investigative agent, together with documentary evidence and further proffers. The government urges that this new evidence will significantly buttress the Court's Order detaining the defendant by adding to the evidence already in the record, which already demonstrates clearly and convincingly that "no condition or combination of conditions will reasonably ensure the appearance of the defendant as required." 18 U.S.C. § 3142(e)(1).

Based on the foregoing, the government opposes the defendant's Bond Proposal and requests that the Court permit the government to present additional evidence establishing that the defendant presents a risk of non-appearance that cannot reasonably be overcome by any condition or combination of conditions of release, including a the terms of the $1 million equity bond proposed by the defendant. The government respectfully requests that the government be permitted to present testimony from witnesses and other evidence on this issue. The government believes that the examination

and cross-examination of the government's three witnesses alone may require more than one hour of the Court's time.

Dated this 22nd day of July, 2011.

                                  Carlie Christensen
                                  United States Attorney

                                  /s/ Brent D. Ward
                                  BRENT D. WARD
                                  Trial Attorney, Criminal Division
                                  U.S. Department of Justice