IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | PROTECTIVE ORDER |
| Plaintiff, | : | |
| vs. | : | Case No. 2:11-cr-501-DN-PMW |
| JERMEY JOHNSON, SCOTT LEAVITT, | : | |
| BRYCE PAYNE, RYAN RIDDLE, | : | |
| LOYD JOHNSTON, and IWORKS, INC., | : | District Judge David Nuffer |
| Defendants. | : | Magistrate Judge Paul M. Warner |

The Court, having considered the Government's Motion for Protective Order, and good cause appearing, makes the following findings:

The Indictment in this case alleges that the Defendants engaged in an Internet marketing fraud scheme. In the course of the Government's investigation, the Government and its agents have obtained, among other records, emails and other forms of correspondence, bank records, credit card records, computer files, property records, interview notes, memoranda of interviews and accompanying exhibits, and other personal and financial records relating to the Defendants and their employees, customers, business

associates, vendors, suppliers, and business partners. These records contain personally identifiable information about these individuals, including home addresses, Social Security numbers, bank and credit card account data, email addresses, and dates of birth.

The Government has produced, is producing, and intends to continue to produce this material in discovery to the defense. All materials that the Government produces to the defense are solely for the use of the Defendants, their respective attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of others.

Based on the above findings, IT IS HEREBY ORDERED:

1. The Government, the Government's attorneys, Defendants, Defendants' attorneys, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on this criminal case, or otherwise making use of the materials in a manner unrelated to this criminal case. Authorized use of materials related to this criminal case shall include showing and discussing such materials with Government and defense witnesses.

2. The Government, the Government's attorneys, Defendants, Defendants' attorneys, and all other individuals or entities who receive materials in this case shall maintain all

materials received in a manner consistent with the terms of this protective order. Materials shall be stored in a secure manner in boxes, files, or folders marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE." Electronic materials and printouts obtained from electronic materials shall be handled in the same manner.

3. The Government, the Government's attorneys, Defendants, and Defendants' attorneys are required to give a copy of this protective order to all individuals or entities engaged or consulted in preparation of the trial in this case. A knowing and willful violation of this protective order by the Government, the Government's attorneys, Defendants, Defendants' attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

4. The Government, the Government's attorneys, Defendants, and Defendants' attorneys shall abide by the terms of this protective order after conclusion of this case. Alternatively, if the Government, the Government's attorneys, Defendants, or Defendants' attorneys choose to destroy materials that are the subject of this protective order, notice of such destruction shall be provided to all parties.

5. Materials that are subject to this protective order may not be disclosed, other than pursuant to the terms of this protective order, in any manner by the Government, the Government's attorneys, Defendants, or Defendants' attorneys without specific order of the court.

6. The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

IT IS SO ORDERED.

DATED this 5th day of November, 2013.

                BY THE COURT:

                _____
                The Honorable Paul M. Warner
                United States Magistrate Judge