IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JEREMY JOHNSON, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING MOVANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER <br><br> Case No. 2:11-CR-501-DN-PMW <br><br> District Judge David Nuffer |

The law firm of Christensen & Jensen, P.C.,[1] its individual employees,[2] and their clients[3] (collectively, "Movants") object to the denial of their motion to intervene in this case for the limited purpose of participating in an evidentiary hearing before Magistrate Judge Paul M. Warner.[4] The hearing is convened to examine the seizure of emails from the Gmail account of

---

[1] "Since 2013, Christensen & Jensen has represented IWorks, other corporate entities, and certain 'relief defendants' in a civil case filed by the Federal Trade Commission in Nevada." Appeal from Magistrate Judge's Denial of Motion to Intervene for Limited Purpose or, Alternatively, for Leave to Participate as *Amicus Curiae* (Objection) at 2, docket no. 670, filed October 5, 2015.

[2] Karra J. Porter, Kelly H. Macfarlane, Phillip E. Lowry, Sarah E. Spencer, Paula Christensen, Anne MacLeod, and any other Christensen & Jensen personnel whose privileged communications may be at issue.

[3] Anthon Holdings Corp., Blue Streak Processing, Inc., Business First, Inc., Cloud Nine Marketing, Inc., Cold Bay Media, Inc., CPA Upsell, Inc., Diamond J Media, Inc., Business Success, Inc., Elite Debit, Inc., Duane Fielding, Funding Success, Inc., Hooper Processing, Inc., I Works, Inc., Internet Economy, Inc., Internet Fitness, Inc., Market Funding Solutions, Inc., Money Harvest, Inc., Monroe Processing, Inc., Net Commerce, Inc., Network Agenda, LLC, Premier Performance, Inc., Pro Internet Services, Inc., Revive Marketing, Inc., Success Marketing, Inc., Summit Processing, Inc., Tran Voyage, Inc., TranFirst, Inc., Unlimited Processing, Inc., eCom Success, Inc., Sharla Johnson, Barbara Johnson, Kerry Johnson, KB Family Limited Partnership, KV Electric, Inc., Orange Cat Investments, LLC, Zibby, LLC, and Zibby Flight Service, LLC. (Corporate entities, and certain "relief defendants" represented by Christensen & Jensen in the civil case filed by the Federal Trade Commission in Nevada).

[4] Appeal from Magistrate Judge's Denial of Motion to Intervene for Limited Purpose or, Alternatively, for Leave to Participate as *Amicus Curiae* (Objection), docket no. 670, filed October 5, 2015.

Jeremy Johnson. Movants seek to participate in the hearing as intervenors or, alternatively, as amicus curiae, ostensibly to protect Movants' attorney-client privileged communications that may be contained in the seized emails.

Specifically, Movants' assert that they should be allowed to participate in the evidentiary hearing before Magistrate Judge Warner and question witnesses designated by the parties. Movants contend they have an "obligation to investigate what privileged communications were intercepted and what remain in the government's possession; what steps were taken to ensure that privileged communications were screened out; what steps, if any, the government represented to the court would be taken when requesting the warrant; [and] whether interceptions are still ongoing."[5]

As noted by Movants, Magistrate Judge Warner denied Movants' motion to intervene without explanation in a docket text order.[6] However, he previously denied a similar motion for a protective order filed by Defendant Scott Leavitt.[7] In that motion, Leavitt sought an order permitting "his counsel to participate in th[e] hearing to the extent necessary to preserve the protections afforded by the attorney-client, work product, and common interest privileges."[8] Magistrate Judge Warner denied Leavitt's motion on the grounds that Leavitt was not a party to the hearing.[9]

---

[5] Objection at 5-6.

[6] Docket Text Order, docket no. 643, filed September 21, 2015.

[7] Docket Text Order, docket no. 618, filed September 2, 2015.

[8] Motion for Protective Order at 1, docket no. 617, filed September 2, 2015.

[9] Docket no. 618.

Likewise, Movants are not parties to the evidentiary hearing. The contents of Movants' emails are not the subject of the evidentiary hearing and will not be discussed. The hearing is open to the public and, as such, Movants are welcome to attend. Movants, however, will not be allowed to participate as intervenors or as amicus curiae.

**ORDER**

Movants' objection[10] is OVERRULED and the order denying their motion to intervene is AFFIRMED.

Signed October 28, 2015.

BY THE COURT:

District Judge David Nuffer

---

[10] Docket no. 670.