IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>v.<br><br>JEREMY JOHNSON, SCOTT LEAVITT, BRYCE PAYNE, RYAN RIDDLE,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE OR DISMISS COUNTS 46-54**<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

Defendant Ryan Riddle moves to strike or dismiss counts 46-54[1] of the third superseding indictment.[2] Defendants Bryce Payne,[3] Scott Leavitt,[4] and Jeremy Johnson[5] joined in the Motion.

The United States filed a response,[6] and Defendant Riddle filed a reply.[7]

Defendants Riddle, Payne, Leavitt and Johnson (Defendants) move to dismiss Counts 46-54, charging violations 18 U.S.C. § 1005, on the grounds that they are not bank insiders and that 18 U.S.C. § 1005 applies only to "'an officer, director, agent or employee of any Federal Reserve

---

[1] Defendant Riddle's Motion to Strike or Dismiss Counts 46-54 (Motion), docket no. 712, filed October 30, 2015.

[2] Third Superseding Indictment, docket no. 584, filed August 5, 2015.

[3] Motion for Joinder, docket no. 715, filed October 30, 2015; Docket Text Order granting Motion for Joinder, docket no. 728, filed October 30, 2015.

[4] Motion to Join Defendant Riddle's Amended Motion to Strike or Dismiss Counts 46-54, docket no. 718, filed October 30, 2015; Docket Text Order granting Motion for Joinder, docket no. 729, filed October 30, 2015.

[5] Motion to Join Defendant Riddle's Amended Motion to Strike or Dismiss Counts 46-54, docket no. 723, filed November 2, 2015; Docket Text Order granting Motion for Joinder, docket no. 731, filed November 2, 2015.

[6] Response to Motion to Dismiss Counts 46-54 (Response), docket no. 751, filed November 13, 2015.

[7] Defendant Riddle's Reply to Government's Response to Defendant Riddle's Motion to Dismiss Counts 46-54 (Reply), docket no. 761, filed November 20, 2015.

bank, member bank, depository institution holding company, national bank, insured bank.'"[8] For the reasons discussed below, the motion is DENIED.

## DISCUSSION

Defendants are charged under 18 U.S.C. § 1005, which reads:

> *Whoever, being an officer, director, agent or employee* of any Federal Reserve bank, member bank, depository institution holding company, national bank, insured bank, branch or agency of a foreign bank, or organization operating under section 25 or section 25(a) [1] of the Federal Reserve Act, without authority from the directors of such bank, branch, agency, or organization or company, issues or puts in circulation any notes of such bank, branch, agency, or organization or company; or
>
> *Whoever*, without such authority, makes, draws, issues, puts forth, or assigns any certificate of deposit, draft, order, bill of exchange, acceptance, note, debenture, bond, or other obligation, or mortgage, judgment or decree; or
>
> *Whoever* makes any false entry in any book, report, or statement of such bank, company, branch, agency, or organization with intent to injure or defraud such bank, company, branch, agency, or organization, or any other company, body politic or corporate, or any individual person, or to deceive any officer of such bank, company, branch, agency, or organization, or the Comptroller of the Currency, or the Federal Deposit Insurance Corporation, or any agent or examiner appointed to examine the affairs of such bank, company, branch, agency, or organization, or the Board of Governors of the Federal Reserve System; or
>
> *Whoever* with intent to defraud the United States or any agency thereof, or any financial institution referred to in this section, participates or shares in or receives (directly or indirectly) any money, profit, property, or benefits through any transaction, loan, commission, contract, or any other act of any such financial institution—
>
> Shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.[9]

In counts 46-54[10] of the Third Superseding Indictment, the grand jury charged Defendants with violating paragraph four of 18 U.S.C. § 1005. The Third Superseding Indictment reads:

---

[8] Motion at 2 (quoting 18 U.S.C. § 1005, para. 1).

[9] 18 U.S.C. § 1005 (emphasis added).

[10] Defendant Riddle is not charged in counts 46-50.

2

> the defendants herein as set forth in the chart below, and aided and abetted by each other, knowingly and with the intent to defraud Wells Fargo Bank, a bank the deposits of which are insured by the Federal Deposit Insurance Corporation, participated and shared in and received (directly and indirectly) money, profit, property, and benefits through an act, transaction, and contract of Wells Fargo Bank, in that the defendants, by fraudulent means, secured merchant accounts at Wells Fargo Bank and benefitted from the processing of payments for online credit card sales using the merchant accounts: . . . .[11]

Defendants rely on the reasoning of *United States v. Rubin/Chambers, Dunhill Insurance Services* (*Rubin*),[12] to argue that counts 46-53 should be dismissed because U.S.C. § 1005 applies only to bank insiders. Finding that the first paragraph of the statute specifically stated it applied to bank insiders, *Rubin* analyzed earlier court decisions and found paragraphs two and three also applied to bank insiders.[13] These earlier decisions reviewed the statutory history, and concluded that the first three paragraphs of Section 1005 originated from 12 U.S.C. §§ 592, 597 (1940). "The substantive conduct proscribed by all three paragraphs was contained originally in a single paragraph that began with language limiting the provision expressly to '[a]ny officer, director, agent, or employee of any Federal Reserve bank, or of any member bank.'"[14] Later, during the 1948 revision of the criminal code, "Congress divided the single paragraph into three separate paragraphs, after which the limiting language appeared in Paragraph One only."[15] *Rubin* adopted the analysis of *Edwards* and *Barel* in concluding that "'it is clear that all three of the pre–1948 revision statute's prohibitions, currently set forth in separate paragraphs in 18 U.S.C. § 1005, applied only to officer[s], director[s], agent[s], or employee[s] of protected banks.'"[16]

---

[11] Third Superseding Indictment ¶ 49.

[12] 798 F. Supp. 2d 517 (S.D.N.Y. 2011).

[13] *Rubin*, 798 F. Supp. 2d at 524-25 (reviewing *United States v. Barel*, 939 F.2d 26 (3d Cir. 1991) and *United States v. Edwards*, 566 F. Supp. 1219 (D. Conn. 1983)).

[14] *Id*. at 525 (quoting *Edwards*, 566 F. Supp. at 1220-21 (quoting 40 Stat. 972, § 5209, 65 Cong. Sess. II, Ch. 177 (1918))).

[15] *Id*.

[16] *Id*. (quoting *Edwards*, 566 F. Supp. at 1221).

*Rubin* also recognized that the legislative history of paragraph four in Section 1005 was vastly different from the first three paragraphs because it was not part of the original statute codified into the criminal code in 1948. Congress added paragraph four to Section 1005 as part of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA)[17] in response to the savings and loan crisis in the 1980s.[18] Even though *Barel* was decided after paragraph four was added to the statute, *Rubin* acknowledged that it could not rely on the holding in *Barel* to determine the scope of paragraph four because the earlier case "did not specifically address the independent origin of Paragraph Four, nor did the sufficiency of the indictment in *Barel* depend upon the scope of the new paragraph."[19]

In *United States v. Van Brocklin*,[20] the Eighth Circuit was the first court to directly address the scope of paragraph four. The *Van Brocklin* court determined that because of paragraph four's independent origins under FIRREA, "[t]he legislative history of the other provisions of § 1005 upon which *Edwards* and *Barel* relied is simply not applicable to paragraph four."[21] The Eighth Circuit observed that "FIRREA's legislative history notes the addition of paragraph four, but in no way indicates that liability under that provision is limited to bank insiders."[22] The *Van Brocklin* court held:

> Paragraph four is not by its terms restricted to bank insiders. Furthermore, the conduct that the paragraph criminalizes—participation in or receipt of funds derived from a bank transaction with the intent to defraud—clearly encompasses the kinds of acts charged in this case. Nor is the described conduct the sort that, in most cases, would require insider status or access to bank records. Given

---

[17] Pub.L. No. 101–73, 103 Stat. 183, 499, § 961(d)(3) (1989).

[18] *Rubin*, 798 F. Supp. 2d at 525-26.

[19] *Id.* at 526.

[20] 115 F.3d 587 (8th Cir. 1997).

[21] *Van Brocklin*, 115 F.3d at 597.

[22] *Id.* (citing H.R.Rep. No. 101–54(I), at 399–400, 472–73, reprinted in 1989 U.S.C.C.A.N. 86, 195–96, 268–69).

> Congress' concerns in enacting FIRREA, we decline to read into paragraph four of § 1005 a class restriction that Congress did not itself mention. We hold that when a person "with intent to defraud ... participates or shares in or receives" funds derived from a transaction with the bank, that person may be convicted under paragraph four of § 1005, regardless of whether he or she is a bank employee, officer, director, or agent.[23]

Despite this clear holding after a direct analysis of paragraph four, the *Rubin* court declined to follow *Van Brocklin* and found the broad interpretation of paragraph four unjustified.[24] Instead *Rubin* determined that "even if Paragraph Four has legislative origins different from those of the paragraphs that precede it, that does not mean that Paragraph Four should be construed entirely without reference to the remainder of the statute in which it resides."[25] *Rubin* found that importing the bank insider restriction into paragraphs two and three of Section 1005, as *Barel* and *Edwards* had done, was "persuasive and based on a sound application of traditional principles of statutory construction."[26] Consistently, *Rubin* applied the bank insider restriction to paragraph four, and held "that the scope of Paragraph Four should be limited to officers, directors, agents or employees of the specified banks."[27]

Defendants urge that *Rubin* should be applied in this case to dismiss the counts against them charged under paragraph four of Section 1005 because they are not bank insiders. Defendants' reliance on *Rubin* ignores the analysis in *United States v. Wells Fargo Bank, N.A.*,[28] a more recent opinion issued by a judge in the same district as Rubin, but disagreeing with

---

[23] *Id*.

[24] *Rubin*, 798 F. Supp. 2d at 527-28.

[25] *Id*. at 526.

[26] *Id*.

[27] *Id*. at 528.

[28] 972 F. Supp. 2d 593 (S.D.N.Y. 2013).

*Rubin*. Defendants also side-step[29] the decision in *United States v. Christensen*, a case in this district which determined that paragraph four of Section 1005 is not limited to bank insiders.[30]

*Wells Fargo* is the most recent decision to analyze the application of paragraph four in Section 1005. *Wells Fargo* recognized that the few courts that have addressed the issue of whether liability under paragraph four of Section 1005 is limited to bank insiders were divided on the issue.[31] *Wells Fargo* found that paragraph four in Section 1005 was not limited to bank insiders by the plain language of the statute.[32] And Congress had not limited the term "whoever" to bank insiders when adding paragraph four to Section 1005, as part of FIRREA, as it did in elsewhere in FIRREA.[33] *Wells Fargo* concluded that there was "no basis to deviate from the plain language of paragraph four"[34] and found that it was not limited to bank insiders, but instead applied to any person or entity.

The reasoning of *Wells Fargo*, *Van Brocklin*, and *Christensen* is compelling. Based on the vastly different legislative history of paragraph four, and its addition to Section 1005 under FIRREA almost fifty years after the first three paragraphs, there is no reason to import the bank insiders restriction into paragraph four. The plain language of paragraph four of the statute does

---

[29] Motion at 5.

[30] *United States v. Christensen*, 244 F. Supp. 2d 1294, 1296-97 (D. Utah 2004).

[31] *Wells Fargo*, 972 F. Supp. 2d at 627 (comparing *United States v. Van Brocklin*, 115 F.3d 587, 597 (8th Cir.1997) (holding that paragraph four is not limited to bank insiders), and *United States v. Christensen*, 344 F. Supp. 2d 1294, 1296–97 (D. Utah 2004) (same), with *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 798 F. Supp. 2d 517, 528 (S.D.N.Y.2011) (extending the limitation of paragraph one to paragraph four)).

[32] *Id*. at 627-28 ("It nearly goes without saying that, 'when [a] statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (internal quotation marks omitted))).

[33] *See, e.g.,* 18 U.S.C. § 1510 ("Whoever, *being an officer of a financial institution,* with the intent to obstruct a judicial proceeding, directly or indirectly notifies any other person about the existence or contents of a subpoena for records of that financial institution, or information that has been furnished to the grand jury in response to that subpoena, shall be fined under this title or imprisoned not more than 5 years, or both." (emphasis added)).

[34] *Wells Fargo*, 972 F. Supp. 2d at 629.

not contain any language limiting its application to bank insiders. Accordingly, *any* individual or entity "with intent to defraud the United States . . . or a financial institution . . . participates or shares in or receives (directly or indirectly) any money, profit, property, or benefits through any transaction, loan, commission, contract, or any other act of any such financial institution"[35] may be prosecuted under paragraph four of Section 1005. The charges brought under that paragraph against defendants in this case will not be dismissed.

### ORDER

IT IS HEREBY ORDERED that the Motion to Strike or Dismiss Counts 46-54 is DENIED.

Signed December 15, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[35] 18 U.S.C. § 1005 (paragraph four).