# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> vs. <br><br> **JEREMY JOHNSON, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> **2:11-CR-501 DN** <br><br> **Chief District Judge David Nuffer** <br><br> **Magistrate Judge Paul M. Warner** |

Chief District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are the following three motions: (1) Bryce Payne's Motion to Compel the United States to Produce Documents relating to the United States' Consolidated Response to Defendants' Motions to Dismiss Indictment Based on Non-Prosecution Agreement and Selective Prosecution,[2] (2) Jeremy Johnson's Motion for Protective Order as to Defendant Payne's Motion to Compel,[3] and (3) Scott Leavitt's Motion to Compel Missing Emails and Gubler Files and Motion to Continue Dispositive Motion Deadline,[4] to which Payne joined.[5] The court will address each motion in turn.

---

[1] *See* docket no. 136.

[2] *See* docket no. 654.

[3] *See* docket no. 660.

[4] *See* docket no. 719.

[5] *See* docket no. 736.

1

## I. Payne's Motion to Compel

Based on the Government's consolidated response to Payne's two motions to dismiss,[6] Payne seeks (1) "all documents, emails, letters, and drafts of documents, and recorded conversations, exchanged between the United States and defense counsel for Jeremy Johnson"; (2) the "[i]dentification of all attorneys and agents of the 'privilege team' required to be in place pertaining to the emails obtained by the United States pursuant to its Search Warrant of communications between Mr. Jeremy Johnson and his defense counsel, pursuant to the United States Attorneys Manual"; (3) "documents, emails, letters and drafts of documents, and recorded conversations, between Jeremy Johnson and his defense counsel in the possession of any attorney or agent of the United States who is not a member of the 'privilege team' and not involved in the underlying investigation"; and (4) "all transcripts of proceedings of the Grand Juries issuing the First, Second, and Third Superseding Indictments."[7] Payne argues that he is entitled to this discovery because the Government referenced an exchange of emails between Jeremy Johnson's former counsel and counsel for the Government in its consolidated response to Payne's motions to dismiss. Payne argues that allowing him to discover *all* email communications between Johnson's former counsel and the Government will give him "the full

---

[6] This court notes that Judge Nuffer has now denied both of those motions on the grounds that (1) any agreement not to prosecute Payne was never finalized due to Jeremy Johnson's failure to enter a guilty plea, and (2) Payne failed to demonstrate that the decision to prosecute him rather than some of the others on the various lists "was invidious or in bad faith and was based on impermissible considerations such as . . . the desire to prevent the exercise of constitutional rights." United States v. Furman, 31 F.3d 1034, 1037 (10th Cir. 1994) (quotations and citation omitted). Thus, Payne's motion to compel is technically moot.

[7] *See* docket no. 654 at 2-3.

and proper context for the assessment of the understandings and reorientations of the parties."[8] Payne, however, fails to provide any legal support for this argument. Instead, he asserts that he "has a concern that in formulating its response [to the motions,] the United States was subject to 'taint,' giving it access to privileged information exchanged between Mr. Johnson and his defense counsel."[9]

The court is not persuaded by Payne's assertions. The email communications referenced in the Government's response are between the Government and Johnson's previous counsel. Thus, they would not have necessitated a privilege team to filter out privileged communications between a defendant and his counsel. Any suggestion that these email communications were obtained by some violation of the attorney-client privilege or required a taint team are without merit.

In addition, Payne has not otherwise demonstrated that he is entitled to the requested discovery. Rule 16 of the Federal Rules of Criminal Procedure prohibits disclosure of "internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Rule 16 only "authorizes defendants to examine Government documents material to the preparation of their defense against the Government's case in chief, but not to the preparation of selective prosecution claims." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). The discovery Payne seeks is related to his selective prosecution claim and is therefore not discoverable.

---

[8] *See id.* at 4.

[9] *Id.* at 4.

3

Moreover, the context of the emails in the Government's response are substantiated by the colloquy of the Johnson plea agreement hearing and the recorded conversation between Johnson and Shurtleff prior to that hearing. Payne points to no specific fact or circumstance that might justify requiring the Government to furnish him all of the email communications it had with Johnson's former counsel.

Payne has failed to demonstrate that he is entitled to the communications between the Government and counsel for Johnson. As such, this portion of Payne's motion is hereby **DENIED**.

Payne also requests transcripts of the Grand Jury proceedings for the issuance of the First, Second, and Third Superseding Indictments on the grounds that the Government's reference to "grand juries," suggests an irregularity in the grand jury process. Under Federal Rules of Criminal Procedure, the court may disclose a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). But the requesting party must "demonstrate the necessity for them 'with particularity.'" *In re Special Grand Jury* 89-2 143 F.3d 565, 569 (10th Cir. 1998) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). Specifically, Payne must demonstrate that: "(1) the materials are needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only material so needed." *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997). "[S]ecrecy will not be broken absent a compelling necessity for the materials." *Id.* Payne has failed to meet this heavy burden.

The Government's reference to plural grand juries does not evince an irregularity in the grand jury process. This portion of Payne's motion is likewise **DENIED**.

## II. Johnson's Motion for a Protective Order

Johnson seeks a protective order prohibiting the Government from producing to Payne the materials that are the subject of Payne's motion to compel. Johnson argues that these documents are privileged and not discoverable. Because the court has denied Payne's motion as set forth above, Johnson's motion for a protective order has been rendered **MOOT**.

## III. Leavitt's Motion to Compel

Leavitt and Payne (collectively, "Defendants") move this court for an order compelling the Government to disclose certain missing emails and the files of attorney Philip Gubler. Defendants further request that this court continue the dispositive motion deadline and the deadline for notice of a reliance on counsel defense. The court will address each request in turn.

### A. Missing Emails

Defendants contend that certain portions of the Zeus database that housed the iWorks email server in possession of the court-appointed Receiver in the Federal Trade Commission ("FTC") civil case, *see FTC v. Johnson*, No. 2:10-CV-2203 (D. Nev.), were missing from the discovery provided to them by the Government. Specifically, Defendants assert that some data is missing from various email boxes during the time period between August 2007 and August 2009.[10] Defendants argue that this court should compel the Government to provide the missing

---

[10] According to Eric Wheeler, (1) the mailbox for Jeremy Johnson is missing data from August 12, 2007, to February 5, 2009; (2) the mailbox for Bryce Payne is missing data from August 12, 2007, to July 20, 2009; (3) the mailbox for Loyd Johnston is missing data from August 11, 2007,

emails as they will "illuminate [Defendants'] dealings with Wells Fargo and their agents, . . . which will demonstrate the lack of materiality and lack of criminal intent in their interactions at issue in this case."[11]

In response, the Government states that it was able to retrieve some emails and documents from the Manatt database[12] for the time period Defendants allege that data is missing. The Government gives a history of the discovery obtained in this case, ultimately concluding that regardless of whether or not there are emails missing from the Manatt database and/or the Zeus hard drive, Defendants have the same data the Government has in its possession. They have every email and document the Government has obtained in this matter.

Defendants reply that the Manatt database is not a substitute for the missing email boxes nor does it obviate the need to produce the missing mailboxes or find out what happened to them. The court notes that at a hearing on November 25, 2015, the issue of these missing emails was addressed.[13] Several options for potentially recovering said emails and/or email boxes were discussed. The court instructed counsel for Johnson to inform the Government and the court of all defense counsel's preferred method for the attempted recovery. Counsel agreed to have

---

to February 13, 2009; (4) the mailbox for Scott Leavitt is missing data from August 11, 2007, to March 24, 2010; (5) the mailbox for Ryan Riddle is missing data from August 11, 2007, to August 6, 2009; and (6) the mailbox for Devan Partridge is missing completely. *See* docket no. 764, Exhibit 3.

[11] Docket no. 719.

[12] The Manatt database was created on behalf of iWorks to collect emails and other data responsive to the discovery requests of the FTC during its investigation into iWorks. Manatt is the first name of the law firm Manatt, Phelps, and Phillips, who represented iWorks during that time.

[13] *See* docket no. 772.

Agent Randy Kim make a clone of the Zeus drive and attempt to recover the emails from the clone. It is the court's understanding that Agent Kim is currently attempting to recover the missing data from the clone. Presumably, if the data is recoverable, it will be provided to Defendants. Therefore, this portion of Defendants' motion is **MOOT**.

### B. Gubler Files/Notice of Advice of Counsel Defense

Defendants seek the email file of attorney Philip Gubler who kept a file in his office at iWorks. Defendants believe that these files were seized by the Receiver in the FTC matter and despite Defendants' efforts, they have been unable to locate these files. Defendants contend that this information is necessary to determine whether or not they will assert an advice of counsel defense and they seek leave to assert such a defense after they have reviewed the Gubler files.

The Government responds that it has made every reasonable effort to obtain discoverable information as soon as it became aware of its existence. The Government contends that Defendants have had knowledge of and access to all of Gubler's emails in the FTC case long before the criminal case began. The Government argues that, contrary to Defendants' contention, it would not be a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), for it to fail to provide potentially exculpatory evidence that Defendants could otherwise obtain using reasonable diligence in parallel civil proceedings.

The Government also requests that this court rule that Defendants have waived any attorney-client privilege with respect to Gubler by invoking the advice of counsel defense in the FTC matter. Specifically, the Government notes that Defendants deposed Gubler and introduced some of his emails during his deposition. The court in the FTC case allowed the presence of

third-parties at Gubler's deposition. And, the Nevada court also concluded that the defendants had waived any claims to attorney-client privilege with respect to Gubler, because they had asserted an advice-of-counsel defense. Defendants interpret the Government's opposition to be that if it is required to make Gubler's file available to Defendants, any privilege associated with it would be waived. Defendants assert that requiring the Government to produce the Gubler file does not implicate or jeopardize the attorney-client privilege that accompanies the file.

To the extent that they have not already done so, the Government shall produce to Defendants any Gubler email files in their possession. While the court agrees with Defendants that producing the file does not automatically waive any attorney-client privilege attached to the file, however, this court also agrees with the Government that the attorney-client privilege with respect to the transcript of Gubler's deposition and any attachments or emails introduced during it has been waived. Accordingly, this portion of Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

### C. Dispositive Motion Deadline

Defendants request that this court extend the deadline for the filing of dispositive motions. This court is unwilling to grant that request. Accordingly, this portion of Defendants' motion is **DENIED**. The court notes that a hearing on Johnson's Motion to Continue the Trial is currently scheduled for December 23, 2015, before Judge Nuffer. Defendants may wish to raise that issue with him.

## CONCLUSION

Based on the foregoing, Payne's Motion to Compel[14] is **DENIED**, Johnson's Motion for a Protective Order[15] is **MOOT**, and Defendants' Motion to Compel[16] is **GRANTED IN PART AND DENIED IN PART** as set forth above.

Dated this 22nd day of December, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[14] *See* docket no. 654.

[15] *See* docket no. 660.

[16] *See* docket no. 719.