# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY JOHNSON, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>2:11-CR-501 DN<br><br>**Chief District Judge David Nuffer**<br><br>**Magistrate Judge Paul M. Warner** |

Chief District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Jeremy Johnson's Rule 41(g) Motion for Return of Seized Property, or in the Alternative, for Leave to Assert a Claim for Money Damages.[2] Mr. Johnson seeks the return of the property ("Silver") seized from his parents' home pursuant to a search warrant, and that was turned over to the court-appointed Receiver for iWorks in *Federal Trade Commission v. Jeremy Johnson*, Case No. 2:10-cv-2203 (D. Nev.) ("FTC Case").

For the reasons set forth in the Government's opposition memorandum, said motion is **DENIED**. Specifically, this court concludes that Mr. Johnson is not entitled to equitable relief under Rule 41(g) because he has taken conflicting positions with respect to the Silver. In the

---

[1] *See* docket no. 136.

[2] *See* docket no. 962.

1

FTC Case, he has taken the position that he gave the Silver to his parents, and his parents have relied on that assertion in their own litigation seeking a return of the Silver.  Mr. Johnson is now claiming that he is entitled to the Silver.  Mr. Johnson's unclean hands with respect to the Silver is sufficient to deny him equitable relief.  Furthermore, Mr. Johnson will not suffer irreparable harm if the Silver is not returned, and he has an adequate remedy at law with respect to the Silver in the FTC Case.  *See United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011).  Indeed, the Receiver has custody of the Silver, and the Nevada District Court has already refused to release any assets.  Therefore, any issues with regard to the Silver must be (and apparently have been) resolved in that court.  Finally, Mr. Johnson is not entitled to assert a claim for damages.  The Tenth Circuit has made clear that where, as here, the property at issue in a Rule 41(g) claim still exists, there is no available claim for damages.  *See Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005).

**IT IS SO ORDERED**.

Dated this 27th day of January, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge