IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>JEREMY JOHNSON and SCOTT LEAVITT,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION AND AFFIRMING MAGISTRATE JUDGE'S ORDER**<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

Defendant Jeremy Johnson filed an objection[1] to Magistrate Judge Paul M. Warner's order[2] denying Johnson's motion to access the Government's version of the Yellow server.[3] Defendant Scott Leavitt joined in the Objection.[4] The United States did not respond to the objection. However, the United States did file a thorough response[5] to the original motion, which Judge Warner adopted in the Order.[6] The Objection is OVERRULED because Defendants have not established that the magistrate judge's decision is "contrary to law or clearly erroneous."[7]

---

[1] Objection to Magistrate Judges [sic] Decesion [sic] [DE1050] Denying Defendant Access to the Governments [sic] Yellow Server (Objection), docket no. 1074, filed January 27, 2016.

[2] Docket Text Order denying 976 Motion to Access Government Version of the Yellow Server (Order), docket no. 1050, filed January 24, 2016.

[3] Motion to Access Governments [sic] Version of the Yellow Server (Motion), docket no. 976, filed January 12, 2016.

[4] Notice of Joinder with Defendant Johnson's Objection to Magistrate Judge's Decision Denying Defendant Access to the Gvoernment's [sic] Yellow Server (Doc. 1074), docket no. 1090, filed January 30, 2016.

[5] Response to Defendant's Motion to Access Government's Version of the Yellow Server (Response to Motion), docket no. 1001, filed January 16, 2016.

[6] *See* Order, docket no. 1050 ("Motion is denied for the reasons set forth in the responsive memorandum filed by the government.").

[7] *See* Fed. R. Crim. P. 59 (a).

## DISCUSSION

Under Rule 59 of the Federal Rules of Criminal Procedure, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."[8] The complete text of Judge Warner's ruling reads:

> DOCKET TEXT ORDER denying 976 Motion to Access Government Version of the Yellow Server as to Jeremy David Johnson (1). Motion is denied for the reasons set forth in the responsive memorandum filed by the government. Specifically, the government does not have a "working version" of the server, and Mr. Johnson already has the same data that is in the possession of the government.[9]

In the Objection, Defendants fail to identify or argue that any part of the order is contrary to law or clearly erroneous. Instead, they reargue that the "Government has been able to access the Yellow Server . . . [and it] should not be allowed to deny [Defendants] access to that very same evidence."[10] It is clear from the record that Defendants have not been denied access to the data from Yellow Server.

### Yellow Server Materials Provided to Defense in Discovery

The United States made clear that it has never had a "working version of the Yellow Server"[11] to which Defendant Johnson refers in his original motion.[12] As explained to Defendants in a March 2014 filing,[13] the United States obtained "a logical (data) copy (not a working copy) of the Receiver's version of the 'Yellow' server, referred to as 'old Yellow'."[14] The Receiver does not have the Yellow hard drive and was only allowed to copy it because

---

[8] Fed. R. Crim. P. 59 (a).

[9] Order, docket no. 1050.

[10] Objection at 3-4.

[11] Motion at 1.

[12] Response to Motion at 2.

[13] Notice of Ongoing Compliance With *Brady* and *Giglio* (Notice), docket no. 361, filed March 11, 2014.

[14] Response to Motion at 2-3 (citing Report of SA Kim, Ex. A, docket no. 1001-1). The Receiver was appointed in the civil case, *Federal Trade Commission v. Johnson*, Case No. 2:10-cv-2203-MMD-GWF (D. Nev.).

Defendant Johnson gave it to two former iWorks employees when they formed another company.[15] The United States has provided a copy of the materials it obtained from the Receiver's version of the Yellow Server to the defense in discovery[16] and the mirror of the Yellow hard drive was available for review at the Intermountain West Regional Computer Forensics Laboratory (IWRCL).[17] Defendants have been provided the same Yellow server data the United States has.

**Access to Government's Licensed Program**

While Defendants continue to request "access to a working version of the Yellow Server"[18] or "access to the Governments [sic] version of the Yellow Server . . . seeking the same access as the Government,"[19] it is clear that they have, and have had for some time, the same information the United States obtained from the Yellow server. What Defendants actually want, but never clearly articulate, is access to the prosecution's program, licensed through the Department of Justice (DOJ), to search the Yellow server data. As explained to Defendants almost two years ago, at a hearing in March 2014, the prosecution cannot "get permission for the FBI to use the DOJ program let alone for the defense counsel to use it."[20] Acknowledging that use of this program involved a licensing issue,[21] Judge Warner would not "order DOJ to allow the defense to use their system."[22] That same principle applies now. No matter how many times,

---

[15] Response to Motion at 2; Notice, Ex. C – Receiver Materials at 2-3, docket no. 361-3.

[16] *Id*. at 3 (referencing Notice, docket no. 361).

[17] *See* Notice, Ex. C – Receiver Materials at 3, docket no. 361-3.

[18] Motion at 1.

[19] Objection at 2.

[20] March 12, 2014 Hrg. Tr. at 8:24-25, docket no. 418, filed October 6, 2014.

[21] *Id*. at 11:1-3.

[22] *Id*. at 10:3-4.

3

or how many ways Defendants ask, they cannot have access to the United States' program to search the Yellow server.

## ORDER

Because Defendants fail to establish that any part of the magistrate judge's order is contrary to law or clearly erroneous,

IT IS HEREBY ORDERED that the Objection[23] to the Magistrate Judge's Decision is OVERRULED and the Decision is AFFIRMED.

Signed February 4, 2016.

BY THE COURT

District Judge David Nuffer

---

[23] Docket no. 1074, filed January 27, 2016.