IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>v.<br><br>JEREMY JOHNSON, SCOTT LEAVITT AND RYAN RIDDLE,<br><br>              Defendants. | **CORRECTED*** **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS FOR IMPERMISSIBLE DELAY**<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

This order denies three motions to dismiss filed by Defendants on the last day of jury selection.

SCOTT LEAVITT'S MOTION TO DISMISS ................................................................. 1
JOHNSON'S MOTION TO DISMISS ......................................................................... 2
RIDDLE'S MOTION TO DISMISS ............................................................................ 2
THE SPEEDY TRIAL ACT MOTIONS ARE DENIED AS UNTIMELY ............................ 3
    18 U.S.C. § 3162(a)(2) ................................................................................. 3
        Federal Rule of Criminal Procedure 59(a) ............................................... 6
SIXTH AMENDMENT AND RULE 48 ....................................................................... 7
ORDER ............................................................................................................... 7

**SCOTT LEAVITT'S MOTION TO DISMISS**

Defendant Scott Leavitt filed a 46 page Motion to Dismiss for Impermissible Delay[1] (Motion) on February 5, 2016, ten minutes before the final session of three days of in-person jury selection. Three sessions of voir dire were held with members of the jury pool on February 1 and 2, 2016. On those days, cause challenges were made and resolved. (A previous day of cause

---

* This order is a corrected version of the document filed as docket no. 1123, filed February 6, 2016. Material changes show in redline.

[1] Docket no. 1111, filed February 5, 2016.

challenges, based on questionnaires, was held January 20, 2016. The jury panel was not present.) Peremptory challenges and final jury selection was set to begin at 8:30 a.m. on February 5.

Leavitt's motion seeks to dismiss the case based on the sanctions provision[2] of the Speedy Trial Act;[3] the Sixth Amendment; and Federal Rule of Criminal Procedure 48(b). All grounds in the motion were known to Defendant Leavitt months previous to its filing, yet it was delayed until the eve of trial. The motion relies on re-examination of orders excluding time from computation under the Speedy Trial Act entered by the Magistrate Judge from April 2013 to January 2015.

## JOHNSON'S MOTION TO DISMISS

Defendant Jeremy Johnson, acting pro se, filed a motion to join[4] Leavitt's motion, and a reply,[5] making an additional factual record of his basis for dismissal. His factual record is largely based on alleged government misconduct. He does not cite any legal authority.

## RIDDLE'S MOTION TO DISMISS

Defendant Ryan Riddle, acting pro se, moved[6] on the record in court to join Leavitt's motion. He did not file a supporting memorandum by 4:00 p.m. February 5 as required,[7] but did file a reply.[8] He cites no legal authority.

---

[2] 18 U.S.C. § 3162(a)(2).

[3] 18 U.S.C. § 3161.

[4] Motion for Joinder and Supporting Memorandum to [Docket Entry] 1111 Motion to Dismiss for Impermissable [sic] Delay, docket no. 1114, filed February 5, 2016.

[5] Response to DE 1119 United States [sic] Objection to Motion to Dismiss for Impermissible Delay, docket no. 1136, filed February 6, 2016, docketed February 8, 2016. This document was submitted to the court by email because Mr. Johnson was unable to file in paper on a date the court is closed, and he is not eligible for electronic filing.

[6] Docket entry no. 1113, filed February 5, 2016. (Oral Motion for Joinder, docket no. 1139; Docket Text Order granting Oral Motion for Joinder, docket no. 1140).

[7] *Id.*

[8] Reply to Governments [sic] Response to Doc. No. 1111 Defendants [sic] Motion to Dismiss for Impermissible Delay, docket no. 1137, filed February 6, 2016, docketed February 8, 2016. This document was submitted to the

## THE SPEEDY TRIAL ACT MOTIONS ARE DENIED AS UNTIMELY

The motions are untimely under the Speedy Trial Act ~~for two reasons~~, the scheduling order and Rule 59(a). Consequently, the ~~Act will not support the~~ motions are denied.

### 18 U.S.C. § 3162(a)(2)

The sanctions provision of the Speedy Trial Act bars motions to dismiss under the Act if not made "prior to trial."[9] The parties dispute the meaning of this term.

Courts that have considered the issue have, it appears, all decided that trial starts when voir dire begins. In 1982, the Eleventh Circuit stated:

> Strangely, neither the Speedy Trial Act nor its legislative history defines when a trial "commences." Thus, this court's task is to construe the statute in light of the purposes Congress sought to serve. We hold that, for purposes of the Act, a jury trial "commences" when the court begins the voir dire.[10]

Under this standard, Defendants' motions are not timely.

Leavitt claimed his motion was filed "prior to trial" but the motion did not address what the phrase meant.[11] But in reply[12] Leavitt argues the critical moment is when the jury is selected, citing *United States v. Scalf*[13] and *United States v. Martinez*[14] which use that word. No other defendant provided any authority on the issue.

---

court by email because Mr. Riddle was unable to file in paper on a date the court is closed, and he is not eligible for electronic filing.

[9] 18 U.S.C. § 3162(a)(2).

[10] *United States v. Gonzalez*, 671 F.2d 441, 443 (11th Cir. 1982) cert. denied sub nom., *Gonzalez-Hernandez v. United States*, 456 U.S. 994 (1982).

[11] Motion at 1.

[12] Reply in Further Support of Motion to Dismiss for Impermissible Delay (Leavitt Reply) at 1-2, docket no. 1121, filed February 6, 2016.

[13] 760 F.2d 1057 (10th Cir. 1985).

[14] 749 F.2d 601 (10th Cir. 1984).

In *Scalf,* "[t]he motion came . . . two days before trial."[15] It was clearly timely. The court was therefore not sharply focused on the time a jury is being questioned before evidence begins. But *Scalf* did note that "court-imposed deadline for pretrial motions" might have made a difference. In this case, dispositive motions were to be filed by October 30, 2015.[16] On that date, Leavitt filed a motion to extend the date,[17] which was denied.[18] Motions in limine were due December 7, 2015.[19] The current motions violate the court-ordered motion deadlines. *Scalf* works against Defendants.

*Martinez* is similarly unhelpful to Defendants. Leavitt's Reply claims the *Martinez* court held "that 'the trial commenced … **when the jury was selected**'). Here, there is no dispute that Leavitt's Motion was made before the jury was selected in this case."[20] But Leavitt goes no further to examine what "selected" means. In *Martinez*,

> A jury was selected on September 26, 1983, although opening statements and the calling of witnesses was delayed until October 25, 1983. Part of this delay was caused by the fact that after the jury had been selected on September 26, 1983, several of the jurors thus selected had to be excused, for one reason or another, and replacement jurors had to be found.[21]

Obviously, the *Martinez* jury selection process was not *complete* on September 26 because the composition of the jury later changed, but nonetheless the court held "defendants' trial commenced on September 26, 1983."[22] The *Martinez* opinion relied on *Gonzalez, supra,*

---

[15] 760 F.2d at 1060.

[16] Docket Text Order, docket no. 683, filed October 9, 2015.

[17] Motion to Compel Missing Emails and Gubler Files; Motion to Continue Dispositive Motion Deadline; and Motion re Reliance on Counsel Defense, docket no. 719, filed October 30, 2015.

[18] Memorandum Decision and Order at 8, docket no. 911, filed December 22, 2015.

[19] Amended Trial Order, docket no. 650, filed September 21, 2105.

[20] Leavitt Reply at 2 (emphasis in Reply).

[21] *Martinez*, 749 F.2d at 604.

[22] *Id.*

which relied on the start of voir dire as the demarcation. *Martinez* thus held that *starting* jury selection was the start of trial. Jury selection in this case started with the jury pool present on February 1, 2016.

Leavitt also cites other cases[23] but if traced back through their supporting citations they all recognize commencement of voir dire as the deadline for filing a speedy trial motion. Some cases[24] do reject long times between commencement of voir dire and presentation of opening statements and evidence, but these impermissible delays are in the range of months, not mere days.

Leavitt cites cases[25] referring to "empanelment" of the jury as the deadline for motions to dismiss for speedy trial violations. These cases do not define empanelment. But his principal case for "empanelment"[26] relies on *Government of Virgin Islands v. Duberry* which states "other courts of appeals have held that for Speedy Trial Act calculations, a trial commences when voir dire begins and we will follow that rule."[27] Behind all of Leavitt's case citations, there is no support for the timeliness of Defendants' motions or for the proposition that trial commences, under the Speedy Trial Act, later than the commencement of voir dire.

Trial begins "for purposes of the constitutional guarantee against double jeopardy . . . when a jury is sworn, or in a bench trial, when the judge begins to receive evidence."[28] But that rule has been rejected in the Speedy Trial Act setting. "[W]e necessarily reject Gonzalez'

---

[23] Leavitt Reply at 2-3.

[24] *U.S. v. Andrews,* 790 F.2d 803, 807-09 (10th Cir. 1986) (two and one half months' delay); *United States v. Stayton*, 791 F.2d 17 (2d Cir. 1986) (five months' delay).

[25] *United States v. Rodriguez*, 63 F.3d 1159 (1st Cir. 1995); *United States v. Worthy,* No. 2:10-CR-136-DBH-03, 2012 WL 3137235, at *4 (D. Me. Aug. 1, 2012).

[26] *Rodriguez*, 63 F.3d at 1164.

[27] 923 F.2d 317, 320 (3d Cir. 1991).

[28] *U.S. v. Howell*, 719 F.2d 1258, 1262 (5th Cir. 1983).

contention that a trial commences under the Act when the jury is sworn because that is when jeopardy attaches. The cases dealing with the attachment of jeopardy are based upon constitutional considerations wholly different from the premises of the Act . . . ."[29]

Finally, in this district the commencement of trial is specifically defined under the Revised Speedy Trial Plan, 1980.[30] "A trial in a jury case shall be deemed to commence at the beginning of voir dire."[31]

The speedy trial motions are untimely.

### Federal Rule of Criminal Procedure 59(a)

Beyond the limitations in the Speedy Trial Act and the case scheduling orders, the motions are barred because they seek to review decisions of the Magistrate Judge made long ago. Rule 59(a) states that

> [a] party may [only] serve and file objections to [such] order within 14 days after being served with a copy of a written order or after the oral order is stated on the record . . . . Failure to object in accordance with this rule waives a party's right to review.[32]

The rule serves a valuable purpose in allowing prompt correction of error, particularly important in orders excluding time under the Speedy Trial Act. The rule forecloses Defendants' motions.

Both Leavitt[33] and Johnson[34] point out the court's discretion to review the orders of a magistrate judge in spite of the time limits in the rule, which it declines to do at this late date.

---

[29] *Gonzalez,* 671 F.2d at 444 n.4.

[30] Adopted May 28, 1980.

[31] *Id.* II.4.(e)(3).

[32] Fed. R. Crim. P. 59(a).

[33] Leavitt Reply at 4.

[34] Response to [Docket Entry] 1119 United States Objection to Motion to Dismiss for Impermissible Delay at 2, docket no. 1136, filed February 6, 2016, and docketed February 8, 2016. This document was submitted to the court by email because Mr. Johnson was unable to file in paper on a date the court is closed, and he is not eligible for electronic filing.

## SIXTH AMENDMENT AND RULE 48

Relying on *Klopfer v. North Carolina*,[35] without any more analysis, Leavitt states "dismissal is required under the Sixth Amendment."[36] *Klopfer* contains no framework for analysis, and Leavitt performs no analysis of the factors which do apply.[37]

Leavitt does not argue any facts that might invoke Rule 48(b)(3)[38] but admits the "Tenth Circuit commits dismissal under Rule 48 to the 'sound discretion of the court.'"[39]

Neither of these bases justify dismissal of the case. The untimeliness of the Speedy Trial Act motion and the neglect of timely objection to the many orders excluding time recommends against using other means to dismiss the Indictment.

## ORDER

IT IS HEREBY ORDERED that the motions to dismiss[40] are DENIED.

Signed February 8, 2016.

BY THE COURT

David Nuffer
United States District Judge

---

[35] 386 U.S. 213, 223 (1967).

[36] Motion at 45.

[37] "In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant." *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009).

[38] Fed. R. Crim. P. 48(b)(3) ("The court may dismiss an indictment . . . if unnecessary delay occurs in bringing a defendant to trial.").

[39] Motion at 45.

[40] Motion to Dismiss for Impermissible Delay, docket no. 1111, filed February 5, 2016; Motion for Joinder and Supporting Memorandum to [Docket Entry] 1111 Motion to Dismiss for Impermissable [sic] Delay, docket no. 1114, filed February 5, 2016; Ryan Riddle's oral motion to dismiss noted in docket entry no. 1113, filed February 5, 2016.