IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>JEREMY JOHNSON, SCOTT LEAVITT AND RYAN RIDDLE,<br><br>                    Defendants. | **ORDER REGARDING USE OF SEARCH WARRANT AFFIDAVIT AS IMPEACHING EVIDENCE**<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

        Defendants seek to use an affidavit in support of a search warrant in impeachment of a witness. Defendant Jeremy Johnson believes, though he has not read the affidavit,[1] that it contradicts a later memorandum of interview. The memorandum of interview and affidavit were made by the same person, the witness proposed to be impeached.

        In camera review of the pertinent portions of the affidavit and the memorandum of interview attached to this order under seal does not reveal information "probative of the character for truthfulness or untruthfulness."[2] Further, the proposed use of the affidavit and memorandum of interview, even if not introduced in evidence, would violate the prohibition of [Federal Rule of Evidence 608(b)](#) which states: "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." And any use of "specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness" is discretionary with the court. The risk of confusion of the issues,

---

[1] The affidavit was unsealed by an order entered August 13, 2015, docket no. 593 but only for Johnson's then counsel, Rebecca Skordas and Greg Skordas.

[2] [Federal Rule of Evidence 608(b)](#).

distraction from central issues, and waste of time is too great to allow this inquiry, even if otherwise permissible.

This order shall be distributed to counsel and the parties without the sealed attachments.

Signed February 8, 2016.

BY THE COURT

David Nuffer
United States District Judge