# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JEREMY JOHNSON, Defendant. | MEMORANDUM DECISION AND ORDER<br><br>2:11-CR-501 DN<br><br>**Chief District Judge David Nuffer**<br><br>**Magistrate Judge Paul M. Warner** |

Chief District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Jeremy Johnson's Ex Parte Request for Appointment of Counsel.[2]

Mr. Johnson moves this court to appoint four attorneys for "the very complex sentencing and appellate issues in this case."[3] Specifically, he requests the appointment of attorneys Mary Corporon, Karra Porter, Rebecca Skordas, and Greg Skordas. The court has carefully reviewed and thoughtfully considered Mr. Johnson's motion. For the reasons stated below, the court **GRANTS IN PART AND DENIES IN PART** Mr. Johnson's motion. Specifically, the court

---

[1] *See* docket no. 136.

[2] *See* docket no. 1414.

[3] *Id.* at 3.

1

**GRANTS** Mr. Johnson's motion with respect to the appointment of Mr. Skordas, and **DENIES** it with respect to Ms. Corporon, Ms. Porter, and Ms. Skordas.

The court reminds Mr. Johnson that while the Sixth Amendment guarantees him the right to counsel in criminal proceedings, it also permits him to waive his right to counsel and conduct his own defense. *See United States v. Hughes*, 191 F.3d 1317, 1323 (10th Cir. 1999). The court further reminds Mr. Johnson that, as an indigent defendant, he does not possess a Sixth Amendment right to his choice of appointed counsel. *See United States v. Nichols*, 841 F.2d 1485, 1504 (10th Cir. 1988). "In fact, a court may refuse to appoint the counsel of the defendant's choice even if that attorney is willing to represent the defendant." *Id.* As Mr. Johnson is well aware, he knowingly and voluntarily waived his right to counsel and conducted his own defense at trial, despite this court's repeated advice and guidance to the contrary.

The court notes that Ms. Corporon and Ms. Porter would be required to familiarize themselves with the criminal aspects of this case. The time and expense that would be involved in that process is unnecessary for Mr. Johnson to receive an adequate defense at sentencing. In addition, Mr. Johnson repeatedly objected to Ms. Skordas representing him in this case due to a perceived conflict of interest, notwithstanding this court's ruling that no conflict existed. Because Mr. Johnson was adamant about Ms. Skordas's removal from this case, and because this is a relatively simple issue that does not require a plethora of attorneys, the court will not reappoint Ms. Skordas as counsel for Mr. Johnson.

As noted above, Mr. Johnson believes that this is a complex sentencing issue. However, in reality, this is a rather simple matter that does not warrant the appointment of more than one

attorney. Mr. Johnson was convicted on eight counts of False Statement to a Bank under 18 U.S.C. § 1014. It is not unduly complex and is certainly not beyond the expertise of Mr. Skordas. Mr. Skordas was present at trial and advised Mr. Johnson regarding his pro se representation. Mr. Skordas is more than capable of adequately representing Mr. Johnson during this phase of his criminal case.

Based on the foregoing, Mr. Skordas is no longer standby counsel for Mr. Johnson. Mr. Skordas is now appointed under the Criminal Justice Act as counsel of record to represent Mr. Johnson only for the limited purposes of sentencing, as well as for perfecting any appeal. Mr. Skordas is not, however, appointed to represent Mr. Johnson in the preparation and pursuit of an appeal on his behalf.

**IT IS SO ORDERED**.

Dated this 29th day of March, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge