IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. JEREMY JOHNSON, Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE** <br><br> Case No. 2:11-cr-501-DN-PMW <br><br> District Judge David Nuffer |
|---|---|

The prosecution moved to strike[1] Defendant Jeremy Johnson's motion in limine to consider juror affidavits[2] on grounds that "the Motion violates this Court's order that forbids further filings on Johnson's Motion for New Trial and Acquittal, it is legally frivolous, and it seeks to admit affidavits from jurors in Johnson's trial that appear to violate this Court's Order Regarding Juror Contact."[3] Johnson responded to the motion to strike,[4] and the prosecution filed a reply.[5] After a thorough review of the memoranda, the motion is GRANTED for the reasons stated below.

---

[1] Motion to Strike Jeremy Johnson's Motion in Limine re Consideration of Juror Affidavits on Defendant's Motion for New Trial and Sentencing Factors (Motion to Strike), docket no. 1561, filed June 29, 2016.

[2] Motion in Limine re Consideration of Juror Affidavits on Defendant Jeremy Johnson's Motion for a New Trial and Sentencing Factors and Memorandum in Support Thereof (Motion in Limine), docket no. 1558, filed June 29, 2016; Redacted/Corrected Exhibit 3 to: Motion in Limine re Consideration of Juror Affidavits on Defendant Jeremy Johnson's Motion for a New Trial and Sentencing Factors and Memorandum in Support Thereof (DE1558), docket no. 1560, filed June 29, 2016.

[3] Motion to Strike at 1 (citing Order Regarding Juror Contact, docket no. 1397, filed March 24, 2016).

[4] Defendant, Jeremey Johnson's Response to the Government's Motion to Strike Defendant's Motion in Limine Regarding Evidence Consisting of Juror Affidavits, Reply Regarding the Motion, and Request for Hearing (Response), docket no. 1567, filed June 30, 2016.

[5] Reply to Response to Government's Motion to Strike Jeremey Johnson's Motion in Limine re Consideration of Juror Affidavits on Defendant's Motion for a New Trial (Reply), docket no. 1569, filed July 5, 2016.

## Johnson's Motion Violates Briefing Order for Post-Trial Motions

The June 21, 2016 order requesting the United States to file a sur-reply to Johnson's reply memorandum in support of his motions for a new trial[6] and for judgment notwithstanding the verdict[7] states:

> The USA may file a sur-reply to Johnson's 1525 reply to his 1441 Memorandum in Support of 1439 Motion for a New Trial and 1440 Motion to Set Aside Verdict. Johnson dedicates 30 pages of his 95 page 1525 reply memorandum in Section VI to new arguments that were not previously raised in the original 1441 memorandum. The prosecution may file a sur-reply addressing the new arguments made in Section VI of the 1525 reply memorandum on or before July 6, 2016. **No further briefing will be permitted.**[8]

Several extensions had already been granted for the briefing on Johnson's post-trial motions,[9] which, in turn, delayed and infringed on the timeframe for review and resolution of the voluminous briefing on the motions. The prosecution was asked to file a sur-reply only because Johnson raised extensive new issues in his reply brief. Because of the numerous extensions and the expansive briefing, and the approaching sentencing date, already continued from an earlier setting, the order specifically directed that no further briefing was permitted.

Just over a week after the order was entered, Johnson filed a motion in limine seeking consideration of jurors' affidavits in his motion for a new trial. Yet, the dates on the affidavits reveal that they were all completed before the order was entered and before Johnson filed his reply on June 16, 2016.[10] Accordingly, the motion and affidavits are stricken because they, as

---

[6] Motion for a New Trial, docket no. 1449, filed April 8, 2016.

[7] Motion for Judgment Notwithstanding the Verdict, docket no. 1440, filed April 8, 2016.

[8] Docket Text Order, docket no. 1550, filed June 21, 2016 (emphasis added).

[9] Order Granting Motion for Extension of Time, docket no. 1449, filed April 14, 2016; Docket Text Order Granting 1477 Motion for Extension of Time, docket no. 1478, filed May 9, 2016; Docket Text Order Granting 1491 Motion for Extension of Time, docket no. 1494, filed May 23, 2016.

[10] All affidavits were notarized on April 13, 2016, April 20, 2016, or June 13, 2016.

further filings on Johnson's post-trial motions that were specifically prohibited by the court's order.

### Affidavits Contain Information Prohibited by Federal Rule of Evidence 606(b)(1)

Rule 606(b)(1) states:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.[11]

The six affidavits attached to Johnson's motion contain information the Rule strictly prohibits. The affidavits provide three jurors' interpretations of what was discussed and considered during the jury deliberations. This information in the affidavits is forbidden under Rule 606(b)(1) and Tenth Circuit precedent in *United States v. Benally*.[12]

In *Benally*, the court analyzed the history and purpose of Rule 606(b):

> Rule 606(b) is a rule of evidence, but its role in the criminal justice process is substantive: it insulates the deliberations of the jury from subsequent second-guessing by the judiciary. Jury decision-making is designed to be a black box: the inputs (evidence and argument) are carefully regulated by law and the output (the verdict) is publicly announced, but the inner workings and deliberation of the jury are deliberately insulated from subsequent review. . . . Juries provide no reasons, only verdicts.[13]
>
> . . . .
>
> . . . But there are compelling interests for prohibiting testimony about what goes on in the jury room after a verdict has been rendered. The rule protects the finality of verdicts. It protects jurors from harassment by counsel seeking to nullify a verdict. It reduces the incentive for jury tampering. It promotes free and frank jury discussions that would be chilled if threatened by the prospect of later being called to the stand. Finally, it preserves the "community's trust in a system

---

[11] Fed. R. Evid. 606(b)(1).

[12] 546 F.3d 1230 (10th Cir. 2008).

[13] *Id*. at 1233.

that relies on the decisions of laypeople [that] would all be undermined by a barrage of postverdict scrutiny."[14]

It is also clear under *Benally* that Johnson's constitutional arguments do not override Rule 606(b) because the Tenth Circuit Court of Appeals "has consistently 'upheld application of the Rule 606(b) standards of exclusion of juror testimony even in the face of Sixth Amendment fair jury arguments.' We continue to adhere to that view."[15] Accordingly, under binding precedent and the plain language of the Rule, "[t]he court may not receive a juror's affidavit or evidence of a juror's statement on these matters."[16]

## Possible Violations of Order Regarding Juror Contact

The prosecution suggests that the affidavits evidence violations of the Order Regarding Juror Contact.[17] The order placed restrictions on how jurors could be contacted and what jurors could disclose when interviewed in accordance with Rule 606(b). The order specifically stated: "Any person violating this order is subject to contempt of court and other possible sanctions."[18]

To determine if the Order Regarding Juror Contact was violated, the prosecution urges that a show cause hearing be held, and provides a list of probing questions that should be addressed. While there are some indications that portions of the Order Regarding Juror Contact may have been violated, a show cause hearing will not be held at this time. Important substantive matters are pending. However, the request to hold a show cause hearing is reserved, and such a hearing may occur in the future.

---

[14] *Id.* at 1234 (quoting *United States v. Tanner*, 483 U.S. 107, 121 (1987)).

[15] *Id*. at 1239 (quoting *Braley v. Shillinger*, 902 F.2d 20, 22 (10th Cir.1990) and citing *Johnson v. Hunter*, 144 F.2d 565 (10th Cir.1944) (Constitution did not require court to admit black juror's testimony that he was intimidated by other eleven white jurors, even though proof of that fact would require new trial and proof would be impossible without juror testimony)).

[16] Fed. R. Evid. 606(b)(1).

[17] Docket no. 1397, filed March 24, 2016.

[18] *Id*. at 3.

**ORDER**

IT IS HEREBY ORDERED that the Motion to Strike[19] is GRANTED. Jeremy Johnson's Motion in Limine[20] and the associated affidavits[21] are STRICKEN.

Signed July 18, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[19] Docket no. 1561.

[20] Docket no. 1558.

[21] Docket nos. 1558-1; 1558-2; 1558-3; and 1560.