IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>JEREMY JOHNSON,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR AN EVIDENTIARY HEARING<br><br>Case No. 2:11-cr-501-DN<br><br>District Judge David Nuffer |

Defendant Jeremy Johnson relies upon Rule 10 of the Federal Rules of Appellate Procedure in moving[1] for an evidentiary hearing "for purposes of recreating a proceeding that occurred on September 25, 2015."[2] Johnson seeks to elicit testimony from two witnesses to the proceeding who "have indicated that a subpoena will be necessary for disclosure of what occurred," and "two other witnesses, both of whom are court personnel."[3] The United States opposes the motion arguing that "[a]n evidentiary hearing is neither authorized nor contemplated under F.R.A.P. Rule 10(c)," and "defendant has not availed himself of the proper remedies provided in the Rules for resolving differences over the accuracy of the record."[4] The motion for an evidentiary hearing is DENIED because a statement of the September 25, 2015 meeting was

---

[1] Motion for F.R.C.P. [sic] 10(c) Evidentiary Hearing (Motion), docket no. 1689, filed October 24, 2016.

[2] Sealed Reply Memorandum in Support of Motion for F.R.C.P. [sic] 10(c) Evidentiary Hearing (Reply) at 1 (Reply), docket no. 1696, filed under seal November 4, 2016.

[3] Motion at 2.

[4] Response by the United States to Defendant's Motion for F.R.A.P. 10(c) Evidentiary Hearing (Response) at 1-2, docket no. 1690, filed October 28, 2016.

contemporaneously filed on the docket[5] and an additional statement of the September meeting was made on the record a subsequent in-chambers conference while Johnson was present.[6]

## DISCUSSION

Rule 10(c) of the Federal Rules of Appellate Procedure states:

> **Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript Is Unavailable.** If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

This rule provides for the parties to prepare a "statement of the evidence or proceedings from the best available means" and limits the role of the district court to "settlement and approval" of the statement prepared by the parties.[7] The rule does not suggest that the district court hold an evidentiary hearing to create a record or transcript that was never made during the litigation of the case.

Further, a statement of the proceeding already exists in the record so there is no need for Johnson to create another one. On September 25, 2015, a sealed docket text order was entered after the ex parte meeting with Johnson's counsel.[8] The order memorializes the discussion about the potential conflict issue that Johnson had raised with counsel, that they had fully discussed it with him, had advised him that no conflict existed, and Johnson had agreed to their continuing

---

[5] Docket Text Order, docket no. 655, filed under seal September 25, 2016.

[6] Minute Entry, docket no. 807, filed December 3, 2016; Transcript of December 3, 2015 Hearing, docket no. 1462, filed April 26, 2016.

[7] Fed. R. App. P. 10(c).

[8] Docket Text Order, docket no. 655.

representation.[9] The order also includes the magistrate judge's finding "that there is no conflict of interest between the prior representation of Mr. Lund by Ms. Skordas and her current representation of Jeremy Johnson."[10]

Additionally, at a December 3, 2015 conference attended by Johnson, the magistrate judge and Ms. Skordas, who were both present during the September 25 meeting, made a detailed record of what was discussed on September 25 and the results of that meeting.[11] The transcript of the December 3 hearing and the September 25 docket text order are already part of the record on appeal in this case and each one is "a statement of the evidence or proceedings from the best available means."[12] Consequently, an evidentiary hearing is not necessary to create a "statement of the evidence or proceedings" because that statement already exists on the record.

## ORDER

IT IS HEREBY ORDERED that the motion for an evidentiary hearing[13] is DENIED.

Signed December 6, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[9] *Id. See also,* Email exchanges between Johnson and counsel (September 21, 2015), exhibits 5 to Reply, docket no. 1696-6; Email exchanges between Johnson and counsel (September 23, 2015), exhibit 8 to Reply, docket no. 1696-9.

[10] Docket Text Order, docket no. 655.

[11] Transcript of December 3, 2015 Hearing 6:11-11:9.

[12] Fed. R. App. P. 10(c)

[13] docket no. 1689, filed October 24, 2016