IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br>v.<br><br>JEREMY JOHNSON,<br><br>       Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE<br><br>Case No. 2:11-CR-501<br><br>District Judge David Nuffer |

The United States moves to strike Defendant Jeremy Johnson's proposed statement under Federal Rule of Appellate Procedure 10(c) and its associated filings "because (1) they are filed in disregard of this Court's clear prior order, AND (2) he has not followed the process set forth in Rule 10(c) for submitting a proposed statement to the United States, and (3) his proposed 'statement' improperly asks this Court to make factual findings regarding prior proceedings."[1] The motion to strike is GRANTED because Johnson has failed to comply with Federal Rule of Appellate Procedure 10(c) and because the court has already determined that Johnson's statement is unnecessary because a record of the September 25, 2015 meeting has already been established in the record.[2]

---

[1] Motion to Strike Docket Nos. 1704, 1705, 1706, and 1696, Related to Defendant Jeremy Johnson's Proposed F.R.A.P. Rule 10(c) Statement (Motion to Strike) at 5, docket no. 1712, filed January 17, 2017.

[2] Memorandum Decision and Order Denying Motion for an Evidentiary Hearing (Order), docket no. 1698, filed December 6, 2016.

## DISCUSSION

### Proposed Statement Filings Do Not Comply with Rule 10(c)

Rule 10(c) of the Federal Rules of Appellate Procedure states:

> **Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript Is Unavailable.** If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

This rule allows the appellant to prepare a "statement of the evidence or proceedings from the best available means," which may include "the appellant's recollection."[3] Before appellant's proposed statement may be included in the record for appeal, appellant is required to serve the proposed statement on the appellee, "who may serve objections or proposed amendments within 14 days after being served."[4] After the proposed statement and objections have been exchanged between the parties, then "the statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval."[5] The proposed statement will not be made part of the record on appeal until after it is settled and approved by the district court.

Johnson has failed to follow the procedures required in Rule 10(c):

1. Johnson's proposed statement was not served on the United States, as appellee, prior to being submitted to the court and filed on the docket.[6]

---

[3] Fed. R. App. P. 10(c).

[4] *Id.*

[5] *Id.*

[6] Notice of Conventional Filing: Jeremy Johnson's F.R.A.P. 10(c) Statement of the Evidence when the Proceeding were not Recorded or when a Transcript is Unavailable [Dkt No. 1704] (Notice the Conventional Filing), docket no. 1705, filed January 3, 2017.

2. By failing to serve the United States prior filing the statement on the docket, Johnson also failed to follow the procedure to allow the appellee 14 days to make any objections or proposed amendments to the statement. Further, the United States cannot fully assess what objections or amendments are necessary because Johnson only served the highly redacted version of the statement,[7] which conflicts with Johnson's counsel's Notice of Conventional Filing statement that the documents filed under seal were served via email on the parties.[8]

3. Johnson never properly submitted the proposed statement along with any objections or proposed amendments to the court for settlement and approval as required by the rule. Instead, Johnson directly filed the statement on the docket in an attempt to create a record without court settlement or approval.

Rule 10(c) provides a process to provide a statement of the evidence when the proceeding was not recorded or a transcript is unavailable. Johnson has failed to follow the process under the rule with each of his proposed statement filings. Accordingly, all filings associated with Johnson's proposed statement[9] will be stricken from the record. Any further attempts by Johnson

---

[7] Motion to Strike at 10-11; Jeremy Johnson's Declarations in Support of F.R.A.P. 10(c) Statement of the Evidence [Redacted ], docket no. 1706-2, filed January 3, 2017.

[8] Notice of Conventional Filing at 1, docket no. 1705 ("Pursuant to Section II(E)(6) of the District of Utah CM/ECF Administrative Procedures Manual, Defendant Jeremy Johnson, provides notice that Jeremy Johnson's F.R.A.P. 10(c) Statement of the Evidence When the Proceedings Were not Recorded or When a Transcript Is Unavailable and accompanying Exhibits [Dkt No. 1704] have been filed with the Court under seal, and served via email on the parties listed below, on this 3rd day of January, 2017.").

[9] Sealed Reply Memorandum in Support of Motion for F.R.C.P. [sic] 10(c) Evidentiary Hearing, docket no. 1696, filed under seal November 4, 2016; Jeremy Johnson's F.R.A.P. 10(c) Statement of the Evidence when the Proceedings were not Recorded or When a Transcript is Unavailable, docket no. 1704, filed under seal December 29, 2016; Notice of Conventional Filing: Jeremy Johnson's F.R.A.P. 10(c) Statement of the Evidence when the Proceeding were not Recorded or when a Transcript is Unavailable [Dkt No. 1704], docket no. 1705, filed January 3, 2017; "Nonconfidential - Redacted" "Filed Under Seal" Jeremy Johnson's F.R.A.P. 10(c) Statement of the Evidence when the Proceedings were not Recorded or when a Transcript is Unavailable Docket no. 1704, docket no. 1706, filed January 3, 2017.

to file a statement of the September 25, 2015 meeting on the docket shall be stricken as futile because a statement of the meeting already exists on the record, as outlined below.

### Record Contains Reliable Statement of the September 25, 2015 Meeting

An earlier order on the subject of Johnson's proposed statement of the September 25, 2015 *ex parte, in camera* meeting, stated:

> Further, a statement of the proceeding already exists in the record so there is no need for Johnson to create another one. On September 25, 2015, a sealed docket text order was entered after the ex parte meeting with Johnson's counsel.[10] The order memorializes the discussion about the potential conflict issue that Johnson had raised with counsel, that they had fully discussed it with him, had advised him that no conflict existed, and Johnson had agreed to their continuing representation.[11] The order also includes the magistrate judge's finding "that there is no conflict of interest between the prior representation of Mr. Lund by Ms. Skordas and her current representation of Jeremy Johnson."[12]
>
> Additionally, at a December 3, 2015 conference attended by Johnson, the magistrate judge and Ms. Skordas, who were both present during the September 25 meeting, made a detailed record of what was discussed on September 25 and the results of that meeting.[13] The transcript of the December 3 hearing and the September 25 docket text order are already part of the record on appeal in this case and each one is "a statement of the evidence or proceedings from the best available means."[14] Consequently, [it] is not necessary [for Johnson] to create a "statement of the evidence or proceedings" because that statement already exists on the record.[15]

Although Rule 10(c) provides "that the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection," the rule contemplates that the appellant was actually present during the proceeding to have a recollection of what transpired. Johnson concedes that he was not present at the September 25, 2015 meeting

---

[10] Docket Text Order, docket no. 655.

[11] *Id*. See also, Email exchanges between Johnson and counsel (September 21, 2015), exhibit 5 to Reply, docket no. 1696-6; Email exchanges between Johnson and counsel (September 23, 2015), exhibit 8 to Reply, docket no. 1696-9.

[12] Docket Text Order, docket no. 655.

[13] Transcript of December 3, 2015 Hearing 6:11-11:9, docket no. 1462, filed April 26, 2016.

[14] Fed. R. App. P. 10(c).

[15] Order at 2-3, docket no. 1698.

4

and that he "does not have firsthand knowledge of what was discussed during the proceeding."[16] Therefore, he is unable to provide a statement. Application of Rule 10(c) is difficult in this instance because neither the appellant nor appellee were present at the unrecorded meeting. A statement of a proceeding and objections or amendments to a statement of a proceeding by parties that were not in attendance is speculative and inherently unreliable and will not be made part of the record.

Additionally, on September 23, 2015, when Johnson knew that there could be a hearing on the conflict issues that he had raised and resolved with counsel, he stated that he had no interest in attending.[17] Johnson's current counsel has also indicated in an earlier filing that they "cannot simply rely on Johnson's memory, or the memory of Johnson's former counsel, of a case that is now more than five years old, and where the docket currently has almost 1620 entries, for purposes of preparing Johnson's Notice of Appeal."[18]

## ORDER

IT IS HEREBY ORDERED that the Motion to Strike[19] is GRANTED and Defendant Jeremy Johnson's proposed statement under Federal Rule of Appellate Procedure 10(c) and its associated filings[20] are STRICKEN from the record.

---

[16] "Nonconfidential - Redacted" "Filed Under Seal" Jeremy Johnson's F.R.A.P. 10(c) Statement of the Evidence when the Proceedings were not Recorded or when a Transcript is Unavailable Docket no. 1704 (Redacted Statement) at 2, docket no. 1706, filed January 3, 2017.

[17] "I know you are working very hard for me I just want to make sure you know that I am grateful despite my antics sometimes. Also I didn't see anything on the docket for a hearing so I am hoping that's off now. I honestly don't want to even talk about it with Warner. . . . Anyway if we still do have a hearing I will go and do my best to behave but id [sic] prefer not." Email from Jeremy Johnson to Rebecca Skordas (September 23, 2015, 4:51 p.m.), exhibit 7 to Jeremy Johnson's F.R.A.P. 10(c) Statement of the Evidence when the Proceedings were not Recorded or When a Transcript is Unavailable (Statement), docket no. 1704-8, filed under seal December 29, 2016.

[18] Jeremy Johnson's Motion for Limited Unsealing of Docket and Disclosure to Defense Counsel of Proceedings at 3, docket no. 1625, filed August 12, 2016.

[19] Docket no. 1712.

[20] Docket nos. 1696, 1704, 1705, and 1706.

IT IS FURTHER ORDERED that any further attempts by Defendant Jeremy Johnson to file a statement of the September 25, 2015 meeting on the docket shall be stricken as futile and unnecessary because a statement of the meeting already exists on the record.

Signed January 20, 2017.

BY THE COURT

_____
District Judge David Nuffer